### RORABACK *v.* PENNSYLVANIA CO.

### HERMAN *v.* SAME.

*(Circuit Court, D. Connecticut. May 16, 1890.)*

REMOVAL OF CAUSES—PREJUDICE—JURISDICTIONAL AMOUNT.

Act Cong. March 3, 1887, (24 U. S. St. 552,) amending Act Cong. March 3, 1875, provides, in section 1, that circuit courts of the United States shall have original cognizance, concurrent with the state courts, of all civil suits in certain cases, among which are suits between citizens of different states, when the matter in dispute exceeds $2,000. Section 2 provides that any suit of which the circuit courts are given original jurisdiction by the preceding section may be removed by defendant from the state to the circuit court; and further declares: "And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between" citizens of different states, defendant, being a non-resident, may remove the suit to the circuit court of the United States, at any time before trial, "when it shall be made to appear to said circuit court that, from prejudice or local influence, he will not be able to obtain justice in such state court." *Held*, that the prejudice and local influence clause in section 2 is to be read in connection with section 1, and does not give the circuit court jurisdiction on such grounds unless the amount in dispute exceeds $2,000.

Motion to Remand Cause from the circuit court of the United States to the state court.

Act Cong. March 3, 1887, (24 U. S. St. 552,) amending Act Cong. March 3, 1875, provides, in section 1, that "circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States, * * * or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid. * * *" The second section provides that "any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, * * * of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. * * * And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being a citizen of another state,

may remove such suit to the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court. * * *"

L. E. *Stanton,* for plaintiff.

*Daniel Davenport* and *William N. O'Hara,* for defendant.

WALLACE, J. The question in these cases is whether, under the local prejudice clause of the act of March 3, 1887, the matter in dispute must exceed in amount the sum of $2,000 to entitle the defendant to remove the suit from a state court. This question has been considered in several of the circuits, with a diversity of opinion as to the true construction of the clause. My own views accord with those expressed by Mr. Justice HARLAN in *Malone* v. *Railroad Co.,* 35 Fed. Rep. 625, and it is unnecessary to reiterate his reasons for the conclusion reached. I think it was the intention of congress to place the right of removal for local prejudice upon the jurisdictional basis of all other removable controversies, discriminating in favor of the defendant only as to the time of making the application, and permitting a single defendant to remove. The motion to remand is granted.